# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICHARD J. BROCKMAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> TRIANGLE GRADING AND PAVING and CONSTRUCTION LABOR CONTRACTORS, LLC, <br><br> Defendants. | 1:17-cv-1740-WSD |

## OPINION AND ORDER

On May 15, 2017, Plaintiff Richard J. Brockman, Jr. ("Plaintiff") filed his *pro se* Complaint [1], asserting state-law claims against Defendants Triangle Grading and Paving and Construction Labor Contractors, LLC.

Complaints filed *pro se* must be construed liberally and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). Nevertheless, a *pro se* complaint must comply with the threshold requirements of the Federal Rules of Civil Procedure, and must properly state a claim upon which relief can be granted. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005); Grigsby v. Thomas, 506

F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

Plaintiff asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶ 4). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case, Plaintiff's Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is

determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)). To show citizenship, "[r]esidence alone is not enough." Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)). A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." Id.

Plaintiff's Complaint insufficiently alleges Plaintiff's citizenship. The Complaint states that Plaintiff is a "resident" of Henry County, Georgia. (Compl. ¶ 1). This allegation is insufficient to show Plaintiff's citizenship, because

"[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013).

Plaintiff's Complaint also insufficiently alleges the citizenship of Defendant Construction Labor Contractors LLC ("CLC"). The Complaint alleges that CLC is a Delaware corporation with its principal place of business in Ohio. (Compl. ¶ 3). CLC is a limited liability company, and Plaintiff's Complaint fails to allege the citizenship of each of CLC's members. See Rolling Greens, 374 F.3d at 1022 ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . .").

To determine whether the Court has jurisdiction over this action, the Complaint must allege more specific information regarding the citizenship of the parties. Accordingly, Plaintiff is required to file an amended complaint properly alleging the citizenship of each party. The Court notes it is required to dismiss this action unless Plaintiff provides the required supplement alleging sufficient facts to show the Court's jurisdiction. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (district court must dismiss an action for lack of subject

matter jurisdiction unless the pleadings or record evidence establish jurisdiction). The Court will not allow Plaintiff any further opportunities to amend its Complaint to allege jurisdiction properly.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall, on or before June 8, 2017, file an amended complaint that adequately alleges the citizenship of the parties.

**SO ORDERED** this 25th day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE